## GRAFF FURNACE CO. v. MACHLER.

Circuit Court of Appeals, Third Circuit.
June 2, 1927.

No. 2596.

1. **Master and servant** ☞80(13)—**Evidence as to duration of employment in suit on claimed yearly contract held for jury.**

In suit by employee to recover for services under claimed yearly contract of hire, evidence relative to duration of employment *held* sufficient for jury.

2. **Evidence** ☞215(1)—**Employer's reports held properly admitted in suit on contract of hire, as bearing on issue of justifiable discharge for mismanagement and waste.**

In suit by employee to recover for services as factory superintendent under a contract of hire, company's reports of its affairs *held* properly admitted as bearing on charge of mismanagement, disobedience of orders, and wholesale waste, under issue of justifiable discharge.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Albert W. Johnson, Judge.

Suit by Hans Machler against the Graff Furnace Company. Judgment for plaintiff, and defendant brings error. Affirmed.

J. Julius Levy, Morgan S. Kaufman, and Philip V. Mattes, all of Scranton, Pa., for plaintiff in error.

Clarence Balentine and Dalbys L. Fickes, both of Scranton, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below Machler, a citizen of Pennsylvania, brought suit against the Graff Furnace Company, a corporate citizen of New York, for some $5,900 for services as factory superintendent under a contract of hire which he claimed was for a year, but which defendant claimed was for a month. It also alleged it had discharged him for justifiable cause. These issues of justifiable discharge and hiring for the year or month were tried and submitted to the jury, which found in favor of the plaintiff. On entry of judgment thereon, defendant sued out this writ of error, on which the questions involved are, first, whether the court should have given binding instructions for defendant, and, if not, whether it erred in its admissions of evidence, in its charge, or its answer to defendant's point.

Without reciting in detail all the testimony, it suffices to say the plaintiff had been employed as superintendent of defendant's factory for many years for all-year periods, and his yearly salary had during that time been increased from $1,200 to $4,000, to $6,000, to $8,000, and finally to $9,000, during which period it was shown the business had grown and prospered. A directors' meeting of the company was held in New York City in May, 1924, and after such meeting Forshew, the vice president of the company, returned to the factory at Scranton, when and where, as testified to by the plaintiff, their conversation was:

"Q. Did you have a talk with Forshew when he returned from the meeting? A. The first thing I asked him about, 'How was the meeting?'

"Q. Go on, and give the jury just what was said. A. And he told me the same officers were elected at the same salary; and I says, 'What is my salary going to be?' He said, 'The same, $9,000; same as last year.' I says, 'That is fine.'

"Q. For how long? A. For one year."

The authority of Forshew to so state was testified to by Seymour, the president of the company, as follows:

"Q. Notwithstanding those complaints, you told Mr. Forshew, your vice president, to go back to Mr. Machler on the 1st of May, 1924, or late in May, 1924, and hire him for another term, didn't you? A. Certainly.

"Q. That is what I thought. So, whatever the complaints were, you continued to hire the man? A. Yes."

Forshew's account of what took place was:

"Q. You told Mr. Machler about the resolution—directors' resolution—in May, 1923? A. On my return from the directors' meeting in May, 1923, in response to his question, I told him that his salary had been voted by the board at the rate of $9,000 a year.

"Q. And in May, 1924, what, if any, message did you carry to Machler from Seymour? A. I carried the message, as requested, that his salary would remain the same."

[1, 2] In view of this testimony, of the subsequent correspondence between the plaintiff and the president of the company looking toward a continuance of the relations of former years, of the absence of proof of an intent to change the relations of many years standing, and of the absence of any contention at the time of his discharge that his discharge was based on his employment having been at will, and not for a term, we are of opinion the question of the duration of the employment was for the jury to determine.

So, also, we think the court committed no error in admitting the company's reports of its affairs. The plaintiff was charged with "mismanagement, disobedience of orders, wholesale waste," and these reports showing, as they did, the company's marked success, we feel the jury had a right to consider them as bearing on the character of the plaintiff's management or mismanagement of the factory.

Without further discussing the other and lesser features of the case, we may say we have considered them all, and, finding no error in charge or answer to points, we affirm the judgment below.